Filed 8/13/21  P. v. Jeffries CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B306734 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. A356228) |
| v. | |
| ALLEN LYNN JEFFRIES, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County.  Michael D. Abzug, Judge.  Affirmed.

Kelly C. Martin, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Idan Ivri and Gary A. Lieberman, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Allen Lynn Jeffries appeals the summary denial of a petition for resentencing under Penal Code[1] section 1170.95. Although the trial court erred in summarily denying the petition without first appointing counsel, the error was harmless because the record of conviction establishes that appellant is ineligible for relief as a matter of law. (*People v. Lewis* (S260598, July 26, 2021) __ Cal.5th __ (*Lewis*) [2021 Cal. LEXIS 5258 at pp. *19, *28–*29, *32, *36].)

## FACTUAL AND PROCEDURAL BACKGROUND

On December 23, 1979, after participating in a dice game, appellant shot and killed another player in the game. Admitting he was the actual killer, appellant pleaded guilty to the second degree murder of Gregory Frazier in violation of section 187, subdivision (a). In accordance with the plea, the trial court sentenced appellant to a term of 15 years to life in state prison.

On February 14, 2020, appellant filed a form petition for resentencing under section 1170.95. Appellant requested the appointment of counsel, and checked boxes stating, among other things, he "was not the actual killer" and he "was convicted of 2nd degree murder under the natural and probable consequences doctrine or under the 2nd degree felony murder doctrine and [he] could not now be convicted of murder because of changes to Penal Code § 188, effective January 1, 2019." After receiving an opposition from the People but without appointing counsel for appellant, the trial court summarily denied the petition. The court based its denial on appellant's admission on the record at the plea hearing that he was the actual killer, which the court

---

[1] Undesignated statutory references are to the Penal Code.

found made him ineligible for relief under section 1170.95 as a matter of law.

## DISCUSSION

Appellant contends the trial court's denial of his resentencing petition without appointing counsel or affording him an opportunity to file a reply to the People's opposition "erroneously denied [him] the assistance of counsel and a fair hearing under section 1170.95 and the state and federal Constitutions."  Although the trial court erroneously failed to appoint counsel, we conclude the error was harmless.

The Legislature enacted Senate Bill No. 1437 to "amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life."  (Stats. 2018, ch. 1015, § 1, subd. (f); *People v. Gentile* (2020) 10 Cal.5th 830, 842; *People v. Martinez* (2019) 31 Cal.App.5th 719, 723.)  To accomplish this objective, the Legislature substantively amended sections 188 and 189, and added section 1170.95, which provides a procedure for seeking retroactive relief to persons previously convicted of murder under a felony murder or natural and probable consequences theory if they could no longer be convicted under the law as amended. *Lewis*, *supra*, __ Cal.5th at pp. __ [2021 Cal. LEXIS 5258 at pp.*2, *6]; *Gentile*, *supra*, 10 Cal.5th at p. 843; *Martinez*, *supra*, 31 Cal.App.5th at pp. 722–723.)

Subdivision (a) of section 1170.95 sets forth the requirements for a facially sufficient petition.  The petitioner must aver that (1) the charging document "allowed the

3

prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine"; (2) "petitioner was convicted of first or second degree murder"; and (3) "petitioner could not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective January 1, 2019." (§ 1170.95, subd. (a); *Lewis, supra,* __ Cal.5th at pp. __ [2021 Cal. LEXIS 5258 at pp. *6–*7].) Subdivision (b) in turn "describes where and how the petition must be filed and specifies its required content," including a declaration by the petitioner that he or she "is eligible for relief according to the criteria set out in subdivision (a)." (*People v. Drayton* (2020) 47 Cal.App.5th 965, 973 (*Drayton*).) "If a petition fails to comply with subdivision (b)(1), 'the court may deny the petition without prejudice to the filing of another petition.' (§ 1170.95, subd. (b)(2).)" (*Lewis, supra,* __ Cal.5th at p. __ [2021 Cal. LEXIS 5258 at p. *7].)

If a petition for resentencing under section 1170.95 meets the requirements of subdivisions (a) and (b), the trial court "proceeds to subdivision (c)[2] to assess whether the petitioner has made 'a prima facie showing' for relief. (§ 1170.95, subd. (c).)" (*Lewis, supra,* __ Cal.5th at p. __ [2021 Cal. LEXIS 5258 at p. *7].) At this stage, the trial court must accept briefing from the parties before making its prima facie determination of eligibility.

---

[2] Section 1170.95, subdivision (c) provides in relevant part: "The court shall review the petition and determine if the petitioner has made a prima facie showing that the petitioner falls within the provisions of this section. . . . If the petitioner makes a prima facie showing that he or she is entitled to relief, the court shall issue an order to show cause."

4

(*Lewis, supra,* __ Cal.5th at p. __ [2021 Cal. LEXIS 5258 at pp. *21, 28–29].)

In *Lewis, supra,* __ Cal.5th __ [2021 Cal. LEXIS 5258], our Supreme Court held that if a defendant files a facially sufficient petition and requests the appointment of counsel, the trial court must appoint counsel and entertain further briefing. (*Id.* at p. __ [2021 Cal. LEXIS 5258 at p. *15].) Only *after* the appointment of counsel and the opportunity for briefing may the superior court consider the record of conviction to determine whether the petitioner makes a prima facie showing that he or she is entitled to relief. (*Id.* at p. __ [2021 Cal. LEXIS 5258 at pp. *2–3].)

"The record of conviction will necessarily inform the trial court's prima facie inquiry under section 1170.95, allowing the court to distinguish petitions with potential merit from those that are clearly meritless." (*Lewis, supra,* __ Cal.5th at p. __ [2021 Cal. LEXIS 5258 at p. *30.) In making its preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved, the trial court does not engage in factfinding and must take petitioner's factual allegations as true. (*Lewis,* at p. __ [2021 Cal. LEXIS 5258 at p. *31, quoting *Drayton, supra,* 47 Cal.App.5th at p. 978.) " 'However, if the record, including the court's own documents, "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner." ' " (*Lewis,* at p. __ [2021 Cal. LEXIS 5258 at p. *31, quoting *Drayton,* at p. 979.)

Here, appellant's petition for resentencing met the requirements for facial sufficiency and he requested counsel. *Lewis* therefore dictates the conclusion that the trial court erred

5

in its summary denial of appellant's petition without first appointing counsel and accepting briefing from both parties.

In *Lewis*, our Supreme Court nevertheless concluded the deprivation of a petitioner's right to counsel under subdivision (c) of section 1170.95 is state law error only, tested for prejudice under *People v. Watson* (1956) 46 Cal.2d 818. (*Lewis, supra*, __ Cal.5th at pp. __ [2021 Cal LEXIS 5258 at pp. *3, *34–*36].) *Lewis* further held that any error in summarily denying a section 1170.95 petition may be harmless unless the petitioner can show " ' "it is reasonably probable that if [he or she] had been afforded assistance of counsel his [or her] petition would not have been summarily denied without an evidentiary hearing." ' " (*Id.* at p. __ [2021 Cal. LEXIS 5258 at *36].)

In this case, we find the trial court's error in failing to appoint counsel and accept briefing from both parties before considering the record of conviction and summarily denying the petition to be harmless. Because the record of conviction unequivocally establishes—by appellant's own admission on the record—that he was the actual killer, appellant is ineligible for relief under section 1170.95 as a matter of law. No argument, no matter how creative, by appointed counsel would change that fact. Appellant therefore cannot carry his burden of showing a reasonable probability that the outcome of the proceeding would have been any different had the trial court appointed counsel and given appellant the opportunity for further briefing.

## DISPOSITION

The superior court's order denying relief under Penal Code section 1170.95 is affirmed.

NOT TO BE PUBLISHED.


LUI, P. J.

We concur:



CHAVEZ, J.



HOFFSTADT, J.